UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

MIKE SETTLE )
 )
    *Petitioner*, )
 )
v. ) No. 3:11-cv-127
 ) *Phillips*
 )
DAVID R. OSBORNE, Warden )
 )
    *Respondent*. )

## MEMORANDUM

This is a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner Mike Settle ("petitioner").[1] Petitioner is in the custody of the Tennessee Department of Correction and incarcerated in the Morgan County Correctional Complex. The matter is before the court on the motion to dismiss filed by the Attorney General for the State of Tennessee and petitioner's response thereto. For the following reasons, the motion to dismiss [Court File No. 5] will be **GRANTED** and this action will be **DISMISSED**. All other pending motions will be **DENIED** as **MOOT**.

---

[1] Petitioner filed a Petition for Extradition, which the court treated as a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254, because plaintiff is challenging the denial of certain pretrial jail credits and the computation of his state sentence.

In its consideration of petitioner's state petition for post-conviction relief, the Tennessee Court of Criminal Appeals summarized his criminal proceedings as follows:

> On January 10, 2001, the Petitioner entered guilty pleas to one count of especially aggravated kidnapping, one count of felony escape, one count of aggravated robbery, and two counts of aggravated assault. Pursuant to the negotiated plea agreement, Petitioner was sentenced to twenty-five years for the especially aggravated kidnapping conviction, six years for the felony escape conviction, twenty-five years for the aggravated robbery conviction, and to fifteen years for each aggravated assault conviction. The agreement further provided that these sentences would be served concurrent with one another as well as concurrent with outstanding federal sentences. However, these sentences would be served consecutive to outstanding sentences arising from numerous Shelby County convictions.
>
> On September 24, 2001, Petitioner filed a petition for habeas corpus relief in the Morgan County Criminal Court, alleging that the State of Tennessee had violated the terms of his plea agreement because the Department of Correction refused to run his effective 25-year Madison County sentence concurrently with his federal sentence. On April 4, 2003, the Morgan County Criminal Court entered an order indicating that the petition should be treated as a petition for writ of certiorari to the Circuit Court for Madison County. The matter was then transferred to the Madison County Circuit Court. On April 24, 2004, the Madison County Circuit Court dismissed the petition without prejudice, concluding that the petition failed to assert a colorable claim for post-conviction relief. Petitioner timely filed a notice of appeal document on May 12, 2004.

*Settle v. State*, No. W2003-01261-CCA-R3-PC, 2004 WL 1656481 at *1 (Tenn. Crim. App. July 23, 2004). The appellate court then affirmed the denial of post-conviction relief. *Id*.

The respondent moves to dismiss the petition as time-barred, because it was filed well after the expiration of the one-year statute of limitation for filing a habeas corpus petition. *See* 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

The respondent also moves to dismiss the petition as a second or successive petition. *See id*. § 2244(b)(1) (A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."). The respondent has provided the court with copies of Orders from the U.S. District Court for the Western District of Tennessee and the U.S. District Court for the Middle District of Tennessee. [Court File No. 5, Motion to Dismiss, Addenda 2 and 3, respectively].

On September 4, 2009, the Western District denied a habeas corpus petition filed by petitioner pursuant to 28 U.S.C. § 2254, in which he challenged his 2001 Madison County convictions; the district court found the petition to be time-barred. *Mike Settle v. Ricky J. Bell*, No. 06-1092 (W.D. Tenn. Sept. 9, 2009) (Order). On November 10, 2009, the Middle District denied a habeas corpus petition filed by petitioner pursuant to 28 U.S.C. § 2241, in which he alleged, inter alia, that he had been denied sentence reduction credits; the district court found the petition to be time-barred. *Mike Settle v. Ricky Bell, Warden*, No. 3:09-0560 (M.D. Tenn. Nov. 10, 2009) (Order).

Based upon the foregoing, the habeas corpus petition is barred by the statute of limitation and is also a second or successive petition. To the extent plaintiff seeks to challenge the execution of his federal sentence, he is not in federal custody and this court lacks jurisdiction to order his transfer to federal custody.[2]

---

[2]With respect to petitioner's federal sentence, he was not convicted in this court on federal charges. A search of PACER reveals that petitioner was convicted of being a felon in possession of a firearm in 2000 in the Western District of Tennessee. *See United States v. Michael Settle*, Cr. No. 99-10073 (W.D. Tenn. Jan. 4, 2012) (order denying post-conviction motion for leniency).

3

The motion to dismiss will be **GRANTED**. The petition for habeas corpus relief will be **DENIED** and this action **DISMISSED**. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure. The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure. The court will further **DENY** petitioner leave to proceed *in forma pauperis* on appeal.

**AN APPROPRIATE ORDER WILL ENTER.**

                                                s/ Thomas W. Phillips
                                                United States District Judge